# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1917.

HOLT COUNTY FAIR ASSOCIATION, APPELLEE, V. HOLT COUNTY, APPELLEE: WILLIAM LELL ET AL., APPELLANTS.

FILED MARCH 16, 1917. No. 19058.

Agricultural Societies: ORGANIZATION: COUNTY AID. Where six persons only join in the organization of an agricultural society, such society is not entitled to an appropriation from the county general fund under the provisions of section 6, Rev. St. 1913.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Brome & Brome, W. G. Stewart* and *C. H. Stowell,* for appellants.

*A. J. Donohoe, J. J. Harrington* and *W. K. Hodgkin,* contra.

MORRISSEY, C. J.

This is an appeal from the district court for Holt county. In 1913, 50 citizens of that county organized a county agricultural society in conformity with the statutes. In 1914 they held a three days' fair at O'Neill, the county seat. Application for county aid, under section 6, Rev. St. 1913, was made to the board of supervisors. The board made the allowance and ordered the issuance of a warrant for the proper amount. When this was done, William Lell and Charles Conarro gave notice of intention to appeal from the issuance of the county warrant, and filed an appeal bond. This action was then

brought by the Holt County Fair Association to compel the delivery of the warrant. The county of Holt is a nominal party, and stands ready to deliver the warrant. Lell and Conarro appear as taxpayers, but it develops that the real contention is that, years before the organization of the Holt County Fair Association, there was organized, at Chambers, an association called the South Fork Fair Association. From year to year this association held a fair at Chambers, and for a number of years the board of supervisors of the county gave it donations, or contributed aid, but not in the amount fixed by the statute. The South Fork Fair Association did not intervene, and is not a party. However, it is evident that this litigation is conducted in its interests, and its purpose is to secure the fund for the South Fork Fair Association. The section under which each party is claiming the right to the money provides that when 20 or more persons, residents of any county, shall organize themselves into a society for the improvement of agriculture and adopt a constitution and by-laws, and hold a fair. of at least three days' duration, the county board shall order a warrant drawn in its favor, on the general fund, for an amount equal to five cents for each inhabitant of the county, based on the vote cast for member of congress. There is no question that the Holt County Fair Association organized strictly according to the statute, and held the three days' fair.

Six persons, in the year 1899, adopted what they call articles of incorporation of the South Fork Fair Association, and filed them with the county clerk and the secretary of state. When the board of supervisors was making its donations, or paying its bounty, from year to year to the South Fork Fair Association, it is evident that the board did not regard the association as entitled to the full five cents for each inhabitant, because the amounts paid varied all the way from $100 to $500 per annum. Chambers is located six miles from the south line of the county, and its nearest railroad station is O'Neill, 21 miles away. O'Neill is the county seat, has two railroads,

Peterson v. Chicago, M. & St. P. R. Co.

several hundred inhabitants, and is located close to the center of the county. Of course, it is the logical place for the county fair, but the matter of location is not controlling. If the South Fork Fair Association had complied with the statutes and perfected its organization first and held a county fair from year to year, it would be entitled to the fund provided by the statute. But its articles of incorporation show that but six persons joined in its organization. This was not such a compliance with the statute as entitles it to receive money from the county treasury.

The district court found that the Holt County Fair Association was regularly and duly organized, and conducted such a fair as entitled it to the money, and found specifically that the South Fork Fair Association had not been formed and organized in conformity with the statute, and that the money which had been paid to it from year to year by the board of supervisors was paid without authority of law. These findings are sustained by the evidence, and the judgment is

AFFIRMED.

CORNISH and DEAN, JJ., not sitting.